# Green's Estate.

*Wills—Construction—Vested and contingent interest.*

Testatrix gave a portion of her estate to a trustee in trust to pay a fixed sum out of the income to her grandchildren, naming them, being the children of a son, A.  The will further provided as follows: "Should the said children or any of them depart this life during the life time of their said father" the amount of income directed to be paid to such child or children should be paid "to their father, the said A. for and during the full term of his natural life;" and "upon the death of the said A. then in trust to pay out of said net interest and income the sum of one hundred and fifty dollars unto each of his said children that may then be living during their minority . . . . and upon their attaining the age of twenty-one years respectively then in trust to pay over to each of said children respectively so attaining the age of twenty-one years one equal part or share of said moiety or half part of all the residue of my estate absolutely."  *Held*, that the ultimate gifts to the grandchildren were contingent upon their surviving their father.

Argued Jan. 11, 1910.   Appeal, No. 137, Jan. T., 1909, by Elwood J. Turner, Administrator, from decree of O. C. Phila. Co., March T., 1883, No. 77, dismissing exceptions to adjudication in Estate of Maria Green, deceased.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZIS-KER, JJ.   Affirmed.

Exceptions to adjudication.

From the record it appeared that Maria Green died in 1876 leaving a will, the material portion of which is as follows:

"Item. One full equal moiety or half part of all the residue reversion and remainder of my Estate both real and personal whatsoever and wheresoever of which I may die seized possessed or in any way entitled to I give devise and bequeath unto my nephew George H. Kirkham in trust for the following uses and purposes that is to say in Trust to keep the same invested at interest with power to change the securities from time to time as he shall think proper and to collect and re-

ceive the interest and income thereof and to pay out of the said net interest and income the sum of one hundred and fifty dollars per annum unto each of my grand children, Sarah English Green, Maria Green and William Warder Green, children of my son Penington Green for their support and maintenance during the lifetime of their said father and to pay the residue of the said net interest and income when and as the same shall be received unto my son the said Penington Green for and during the full term of his natural life for his own use and behoof without being subject to or liable for his debts contracts or engagements: And should the said children or any of them depart this life during the lifetime of their said father then in trust to pay the share or income hereinabove given to said child or children to their father the said Penington Green for and during the full term of his natural life for his own use and behoof without subject to or liable for his debts, contracts or engagements: And upon the death of the said Penington Green then in trust to pay out of the said net interest and income the sum of one hundred and fifty dollars per annum unto each of his said children that may then be living during their minority for their support and maintenance and upon their attaining the age of twenty-one years respectively then in trust to pay over to each of said children respectively so attaining the age of twenty-one years one equal part or share of the said moiety or half part of all the residue of my estate absolutely clear free released and discharged from all trusts. Whatever may fall to my said grandchildren under this my will I direct shall during their minority be retained in the hands of the said George H. Kirkham to be by him applied to such amount and in such manner as he shall deem proper for the interest and benefit of my said grandchildren without the intervention of any guardian or other person."

William Warder Green, one of the grandchildren, died on April 23, 1907, intestate, leaving a widow and three minor children him surviving. Letters on his estate were granted to the appellant. Penington Green, the son of the decedent, died on June 25, 1908.

The auditing judge, PENROSE, J., refused to award any share of the principal to the appellant, but awarded the whole of it to Sarah English Green and Maria Green.

Exceptions to the adjudication were dismissed by the court, ANDERSON, J., filing the following opinion:

While it is true that courts favor the interpretation most in accordance with the rules of inheritance, and that every intendment will be made in favor of the heir, yet this can only be as a makeweight when there is a doubt as to the testator's intention, and never where that intention is plainly to the contrary. In the present case, it is clear from the language of the will, that the gifts are confined to the children of the testator's son who might be living at his death, gifts, necessarily contingent upon their survival to that event. That testator's thought was not beyond his grandchildren is evidenced not only from the language of these gifts in remainder, but also from the prior gifts of income to his grandchildren which fell in upon their deaths, irrespective of their leaving issue, or dying without. That the words " then living " imply a contingent remainder, has been decided so often and so recently that it will be sufficient to refer to a few of the late cases on the subject: Scott's Est., 37 Pa. Superior Ct. 342; Mulliken v. Earnshaw, 209 Pa. 226; Rudy's Est., 185 Pa. 359; McGlensey's Est., 37 Pa. Superior Ct. 514.

Exceptions dismissed.

*Error assigned* was the decree of the court.

*John G. Johnson*, with him *Owen J. Roberts* and *James S. Williams*, for appellant.

*W. Nelson L. West*, for appellees.

PER CURIAM, February 14, 1910:

The order of the orphans' court dismissing exceptions to the adjudication is affirmed on the opinion of Judge ANDERSON.